# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JANET JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TYSON FRESH MEATS, INC.; IOWA BEEF PROCESSORS, INC.; DUANE BAILEY; MIKE BUCKELS; DZEBO DIZDEREVIC; DAVID DUNCAN; RICKY GLEASON; TOM HART; RAUKO MRKSIC; RANDY SCHULTZ; DICK YERKES; CORY LNU and JOHN LNU,<br><br>　　　　Defendants. | No. C-06-1002-LRR<br><br><br><br>**ORDER** |

_____

## *TABLE OF CONTENTS*

*I.　INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.　BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.　THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

　　　*A.　COMPLETE DIVERSITY* . . . . . . . . . . . . . . . . . . . . . . . . . *4*

　　　*B.　FRAUDULENT JOINDER* . . . . . . . . . . . . . . . . . . . . . . . . *5*

*IV.　CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

## I. INTRODUCTION

The matters before the court are the Motion to Remand ("Motion") (docket no. 6), the Supplement to Motion to Remand (docket no. 4) and the Second Supplement to Motion to Remand (docket no. 11) filed by Plaintiff Janet Johnson ("Plaintiff").[1] Defendants Tyson Fresh Meats, Inc. and Iowa Beef Processors, Inc. (collectively the "Corporate Defendants") have resisted Plaintiff's Motion (docket no. 5), Supplement to Motion to Remand and Second Supplement to Motion to Remand (docket no. 13).

## II. BACKGROUND

On February 17, 2005, Plaintiff filed a complaint against the Corporate Defendants in the Iowa District Court in and for Black Hawk County. In the complaint, Plaintiff alleged that the Corporate Defendants violated the Iowa Civil Rights Act ("ICRA"), Iowa Code section 216.1 *et seq.*, the Iowa Hate Crimes Act, Iowa Code section 729A.1 *et seq.*, and the Iowa Constitution. Plaintiff also alleged that the Corporate Defendants are vicariously liable for the acts of their employees. On April 19, 2005, the Corporate Defendants removed the case to federal court based on the court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332 (diversity), 1441 (removal).

On June 7, 2005, Plaintiff filed a Motion for Leave to Amend Complaint. In the Motion for Leave to Amend Complaint, Plaintiff sought to add several new defendants: Duane Bailey, Mike Buckels, Dzebo Dizderevic, David Duncan, Ricky Gleason, Tom Hart, Rauko Mrksic, Randy Schultz, Dick Yerkes, Cory last name unknown and John last

---

[1] On January 23, 2006, Plaintiff mistakenly filed another Motion to Remand under an incorrect case number, Case No. 05-CV-2041-LRR. On February 6, 2006, Plaintiff filed the Motion under the correct case number, Case No. 06-CV-1002-LRR. On January 30 and March 24, 2006, respectively, Plaintiff filed the Supplement to Motion to Remand and Second Supplement to Motion to Remand under the correct case number.

name unknown (collectively the "Individual Defendants"). Plaintiff alleged each of the Individual Defendants is a citizen and resident of the State of Iowa. Additionally, Plaintiff sought to bring a claim under the ICRA against the Individual Defendants, an assault and battery claim against Bailey, Dizderevic, Gleason and Mrksic and claims for negligent hiring, retention and supervision, negligence and breach of assumed duty against the Corporate Defendants.

On June 29, 2005, Chief Magistrate Judge Jarvey filed a recommendation, concluding the court should grant Plaintiff's Motion for Leave to Amend Complaint. *Johnson v. Tyson Fresh Meats, Inc.*, No. 05-CV-2041, slip op. at 7-8, 2005 WL 1532608, at *4 (N.D. Iowa June 29, 2005).[2] The court and the parties treated Chief Magistrate Judge Jarvey's recommendation as an order remanding the case to the Iowa District Court in and for Black Hawk County, however, magistrate judges do not have authority to remand cases to state courts. *See, e.g.*, *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998).

While the court and the parties were treating the recommendation as a order remanding the case to state court, Plaintiff proceeded to conduct discovery without including the names of the Individual Defendants in the case's caption and never served the Individual Defendants. Plaintiff alleges that failing to include the names of the Individual Defendants was a clerical error and that Plaintiff's counsel ordered her staff to serve the Individual Defendants. Nonetheless, counsel's staff cannot recall receiving such an order.

---

[2] Certain facts are now before the court that were not before the court when Chief Magistrate Judge Jarvey ruled on June 29, 2005. If Plaintiff had timely disclosed these facts, Chief Magistrate Judge Jarvey's ruling may have been different.

3

On January 20, 2006, the Corporate Defendants again removed the case to federal court based on the court's diversity jurisdiction.[3] *See* 28 U.S.C. §§ 1332 (diversity), 1441 (removal). The Corporate Defendants assert that the joinder of the Individual Defendants is fraudulent because Plaintiff has not served the Individual Defendants and has conducted discovery without involving the Individual Defendants.

On March 25, 2006, the undersigned held a hearing on the Motion. The court finds the Motion, the Supplement to Motion to Remand and the Second Supplement to Motion to Remand to be fully submitted and therefore turns to consider them.

### III. THE MERITS

#### A. COMPLETE DIVERSITY

"The district courts of the United States . . . are 'courts of limited jurisdiction.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611, 2616-17 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Congress has constantly authorized the federal courts to exercise jurisdiction based on the diverse citizenship of parties." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Title 28, United States Code, Section 1332, in relevant part, provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

---

[3] "Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded." *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755 n.2 (8th Cir. 2001) (citing *Chi., Rock Island, & Pac. Ry. v. Martin*, 178 U.S. 245, 251 (1900) and *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967)). Here, the Individual Defendants have not been served, so they need not join in the notice of removal. *Wright v. Mo. Pac. R.R. Co.*, 98 F.2d 34, 35-36 (8th Cir. 1938) ("It is the general rule that a non-resident defendant, although he is charged jointly with other defendants, need not be joined in removal if he has not been served with summons.").

4

> value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. . . .

28 U.S.C. § 1332(a). "In *Strawbridge v. Curtiss*, [7 U.S. 267 (1806), the United States Supreme Court] construed the original Judiciary Act's diversity provision to require complete diversity of citizenship." *Caterpillar*, 519 U.S. at 68. "[The Court has] adhered to that statutory interpretation ever since." *Id*. Here, the only parties to the dispute are Plaintiff, a citizen of the State of Iowa, and Defendants Tyson Fresh Meats, Inc., which is incorporated in Delaware with its principal place of business in Arkansas, and Iowa Beef Processors, Inc., which is a division of Tyson Fresh Meats, Inc.[4] Neither party disputes that the amount in controversy is greater than $75,000. Therefore, because complete diversity exists among the parties, the court concludes that it has jurisdiction over the case pursuant to 28 U.S.C. § 1332.

### B. FRAUDULENT JOINDER

Alternatively, even if the court erred by denying Plaintiff's Motion for Leave to Amend Complaint, the court would still have jurisdiction over the instant case because the Individual Defendants have been fraudulently joined.

The Corporate Defendants have removed the instant case pursuant to 28 U.S.C. § 1441. Title 28, United States Code, Section 1441, in relevant part, provides:

---

[4] Even though the parties in Case No. 05-CV-2041 proceeded under the mistaken assumption that Plaintiff successfully amended her complaint to bring claims against the Individual Defendants, the court denied Plaintiff's Motion for Leave to Amend Complaint on April 17, 2006. Consequently, the Individual Defendants are not parties in Case No. 05-CV-2041 and that case should not have been remanded to the Iowa District Court in and for Black Hawk County. It necessarily follows that the case should not have been removed a second time and the Individual Defendants should not have been named in the instant case. Nonetheless, the court will proceed to resolve the issues that still remain in the instant action.

5

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought.

28 U.S.C. § 1441 (emphasis added). "[T]he nature of federal removal jurisdiction . . . requires strict construction of the legislation permitting removal." *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Title 28, United States Code, Section 1441(a) "allows a case to be removed if 'the district courts of the United States have original jurisdiction.'" *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992) (citing 28 U.S.C. § 1441(a)).

The Corporate Defendants assert removal is proper under 28 U.S.C. § 1441 because the Individual Defendants, who if properly joined and served as defendants would destroy complete diversity, have not been properly served. The United States Supreme Court and the United States Court of Appeals for the Eighth Circuit have held that courts must consider all parties to the case for purposes of determining whether diversity jurisdiction exists, even if not all of the parties have not been served with process. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) (noting "the fact that the resident defendant has not

been served with process does not justify removal by the non-resident defendant"); *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) (stating "the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal"). Even though the Individual Defendants have not been served, the court must consider them for purposes of determining whether complete diversity exists among the parties, unless their joinder was fraudulent.

"A civil case presenting a controversy between citizens of different states and involving the requisite jurisdictional amount may be removed from a state court into the District Court of the United States by a nonresident defendant, and the right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Morris v. E.I. Du Ponte de Nemours & Co.*, 68 F.2d 788, 791 (8th Cir. 1934), *cited with approval in Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 n.4 (8th Cir. 1977); *accord Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) (citing *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)). "If in such a case a resident defendant is joined, the joinder, although fair upon its face, may be shown by a petition for removal to be only a sham or fraudulent device to prevent removal, but the showing must consist of a statement of facts leading to that conclusion apart from the pleader's deductions." *Morris*, 68 F.2d at 791; *accord Filla*, 336 F.3d at 809 (stating that, to avoid remand to state court, the party asserting that the federal court has jurisdiction over the case must prove "fraudulent joinder to eliminate the non-diverse parties").

The proper standard for reviewing allegations of fraudulent joinder must "give paramount consideration to the reasonableness of the basis underlying the state claim." *Filla*, 336 F.3d at 810; *see also Menz v. New Holland N. Am., Inc.*, No. 05-1739, 2006

7

WL 645908, 2006 U.S. App. LEXIS 6385, at *4 (8th Cir. March 16, 2006) ("The 'common thread' underlying the question whether a defendant has been fraudulently joined to defeat jurisdiction 'is reason.'") (quoting *Filla*, 336 F.3d at 810 (quoting, in turn, *Wiles*, 280 F.3d at 871)).

Plaintiff's failure to serve the Individual Defendants, even though Plaintiff knows who they are and works in the same building with them, is unreasonable. Plaintiff alleges that Plaintiff's counsel ordered her staff to serve the Individual Defendants, however, counsel's staff cannot recall such an order. As further evidence that Plaintiff never intended to bring a claim against the Individual Defendants, Plaintiff proceeded to conduct discovery without including the names of the Individual Defendants in the caption. Plaintiff alleges that failing to include the names of the Individual Defendants was a clerical error, however, combined with the failure to serve the Individual Defendants, the court concludes that Plaintiff attempted to add the Individual Defendants only to destroy the court's diversity jurisdiction.

The general rule that a court must consider the citizenship of all the parties, even if the parties have not been served, when construing its diversity jurisdiction does not preclude a court from concluding that joinder was fraudulent based on the failure to serve a defendant. The holdings announced by the United States Supreme Court in *Pullman* and by the United States Court of Appeals for the Eighth Circuit in *Pecherski* were announced in cases in which the party arguing against remand did not allege fraudulent joinder. *See Pullman*, 305 U.S. at 541 ("In the instant case there was no charge that the joinder was fraudulent"); *Pecherski*, 636 F.2d at 1161 (noting that joinder was not fraudulent, the defendants were not merely nominal parties, plaintiff had not dismissed the action against the defendants and plaintiff had not commenced trial without serving the defendants).

Therefore, the court concludes that failing to serve the Individual Defendants and

8

conducting discovery without including the names of the Individual Defendants in the caption proves that the joinder of the Individual Defendants was fraudulent. Accordingly, the court will not consider the Individual Defendants for the purpose of determining whether diversity jurisdiction exists. *See Menz*, 2006 U.S. App. LEXIS 6385, at *4; *Filla*, 336 F.3d at 809. Ignoring the fraudulently joined parties, the court concludes it has jurisdiction over the case pursuant to 28 U.S.C. § 1332 because the only parties to the instant case are diverse and the amount in controversy exceeds $75,000.

### IV. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED**:

(1) Plaintiff Janet Johnson's Motion to Remand (docket no. 6) is hereby **DENIED**;

(2) The Clerk of Court is directed to consolidate Case Nos. 05-CV-2041-LRR and 06-CV-1002-LRR; and

(3) The parties are directed to file all future documents relating to the underlying state court action, Black Hawk County Case No. LACV 095024, under Case No. 05-CV-2041-LRR.

**IT IS SO ORDERED.**

**DATED** this 17th day of April, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA